IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF WINTER HAVEN,
a Florida municipal corporation,

    Plaintiff,

vs.                                        Case No. 08:09CV-00190-T-17EAJ

CLEVELAND INDIANS BASEBALL
COMPANY, LP, an Ohio limited partnership,

    Defendant.
_____/

## DEFENDANT'S AMENDED MOTION TO DISMISS
## WITH SUPPORTING MEMORANDUM

Defendant, Cleveland Indians Baseball Company, LP, by and through its undersigned attorneys, hereby moves to dismiss Counts II and III of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the claims for open account and account stated cannot be based on liquidated damages for breach of a written contract; (2) Plaintiff has not attached to the Complaint any "account"; and (3) the exhibits which are attached show that no such "open account" or "account stated" exists between Plaintiff and Defendant.

## MEMORANDUM

Defendant, Cleveland Indians Baseball Company, LP, by and through its undersigned attorneys, hereby respectfully submits the following memorandum in support of its Motion to Dismiss Counts II & III of the Complaint, filed and served herewith:

1.     Standard for Consideration of the Motion

Any claim for relief in a complaint can be dismissed where it fails to state a claim for

which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Consequently, a plaintiff bears a burden of pleading described by the Supreme Court as follows:

> [A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do … Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all of the allegations of the complaint are true (even if doubtful in fact) …

Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). As will be seen, Plaintiff's "common counts" in Counts II and III are based squarely on the use of legal labels and formulaic pleading which fails to meet this standard.

    2.    <u>Count II's Claim for an Open Account Fails Due to the Attached Written Use Agreement and the Failure to Attach any Identifiable Account.</u>

Attached to the Complaint is the lengthy written Use Agreement between the Plaintiff municipality and the Defendant baseball club which provides detailed provisions governing the allocation between them on a regular basis of the numerous forms of revenues and expenses from spring training games in Florida. Complaint, Exh. "A", ¶¶ 6.1, 6.3, 6.4, 9.1, 9.2, 9.3. According to the common factual allegations of the Complaint, the Defendant has breached these provisions by withholding $107,000 in revenues from Defendant. Complaint, ¶¶ 9, 13, 14, 15. The root of this dispute is Defendant's withholding of revenues to indemnify Defendant for state taxes it paid under paragraphs 9.3 and 14.2 of the Use Agreement. Complaint, Exh. "A", ¶¶ 9.1 & 14.2; Exhs. "B" & "C". Plaintiff uses these common allegations to support a claim for breach of express written contract in Count I of the Complaint (unchallenged by this motion), but then goes on to incorporate them into Count II's claim labeled a claim on an "open account." Complaint, ¶ 23.

Under Florida law, "in commercial transactions, an 'open account' should refer to an

2

unsettled debt, arising from items of work or labor, goods sold and other open transactions not reduced to writing, the sole record of which is usually the account books of the owner of the demand. It should not include express contracts or other obligations that have been reduced to writing… " H & H Design Builders v. Travelers' Indem. Co., 639 So. 2d 697, 700 (Fla. 5th DCA 1994)(emphasis added). In an action based upon a written contract therefore:

> An obligation does not become an "open account" simply because the amount due under a contract requires calculation. An obligee under a contract cannot avoid the requirement of pleading and proving a cause of action based on a contract by placing its demand on a "statement of account" and mailing it to the obligor.

Id. Following these principles, in Morse, LLC v. United Wis. Life Ins. Co., 356 F.Supp.2d 1296 (S. D. Fla. 2005), the district court dismissed a complaint in which the plaintiff sought, much as the Plaintiff here seeks, to convert a claim for breach of an express written contract for medical services into an action on an open account for the services rendered. 356 F.Supp.2d at 1299. In granting dismissal, the district judge specifically noted that the complaint alleged an express written contract, which was sued upon, and also incorporated that allegation into the count for open account. Id. at 1300. The Morse holding and the Florida law it applies certainly appear sufficient to justify dismissal of Count II standing alone.

There is, however, another fatal deficiency in Count II, which is its failure to attach any statement of account issued to the Defendant by the Plaintiff. H & H Design Builders, cited above, 639 So.2d at 700. In Liquid Advertising, Inc. v. G&G Development Antigua, 2007 U.S. Dist. LEXIS 80380 (M. D. Fla. 2007), the district court elaborated this requirement as including an *itemized* statement of account directed to the specific debtor in question, dismissing a claim on open account for resort marketing services because no such statements were attached to the complaint. Id. at *14. In dismissing without prejudice, the district judge observed that the required itemized account must be "a copy of the account showing items, time of accrual of each,

3

and amount of each must be attached." Id.

Even a cursory scrutiny of the Plaintiff's Complaint shows that no such itemized statement of the account from Plaintiff to Defendant is alleged or attached. Rather, the Complaint alleges and attaches the following correspondence running in the *other direction*:

- A letter dated May 28, 2004 from Defendant to Plaintiff's City Manager specifying the holdback of revenues of $100,000 for state taxes paid by the Defendant which the Plaintiff alleges violates the written Use Agreement, and attaching a worksheet which explains the holdback in detail. Complaint, Exh. "B". This correspondence is specifically alleged as *breaching* the Use Agreement. Complaint, ¶ 12.

- A letter dated July 8, 2005 from Defendant to Plaintiff's City Manager reiterating the holdback complained of in the Complaint, recalculating it at $107,454.28. Complaint, Exh. "C". This correspondence is also alleged as a *breach* of the Use Agreement. Complaint, ¶ 13.

Certainly these statements by the Defendant which Plaintiff alleges are in fact *breaches* of the Use Agreement cannot suffice as the account statements which must be attached under the holding in Liquid Advertising, cited above.[1] For this reason, Count II also fails for its failure to set forth by attachment the type of specific facts required by the substantive law and the general pleading standard from Twombley quoted above.

2.  Count III's Claim for an Account Stated Fails for the Same Reasons as Count II.

Just as a claim for an open account cannot be based upon the terms of an express written contract, a claim for an account stated is also restricted to claims based on "prior dealings

---

[1] The only other correspondence between Plaintiff and Defendant attached to the Complaint is an exchange of letters between counsel for the Plaintiff and the Defendant arguing the merits of the parties conflicting positions concerning the written Use Agreement. Complaint, Exhs. "D" & "E". Neither of these even remotely resembles any form of itemized statement of account.

resulting in a subsisting debt. It may not rest upon a liquidated demand, as here, which the defendant is already bound to pay." Nicolaysen v. Flato, 204 So.2d 547, 549 (Fla. 4th DCA 1967). Thus, in a much-cited Florida case where the Plaintiff attempted to circumvent the express terms of a written guaranty of a shopping center acquisition agreement by alleging a claim for an account stated, the court ruled that a periodic statement of the sums owed under the guaranty to the Defendant were not the kind of "account stated" which could serve as the basis for the claim. Id. The court observed in language particularly relevant to this case:

> The basic premise of an account stated action, which presupposes some indebtedness, is that the statement fixing the various sums that constitute the debt is correct and not the existence of the debt itself. *In the instant case plaintiff sued on the warranty agreement and not on an account stated comprised of various items. He may not then take advantage of the presumption of correctness of an account to convert a demand notice of liability into proof of a deficiency within the terms of the warranty sued upon.* (citations omitted; emphasis added)

Id. In the case at bar that appears to be precisely what the Plaintiff is attempting to do by alleging and attaching the written Use Agreement as part of an initial claim that the specific terms of that agreement for payment of revenues have been breached by the Defendant refusal to pay a liquidated sum and then going on to frame the same claim as an account stated.[2] For that reason alone, based on Florida law, Count III should be dismissed.

Count III also shares the same additional flaw of Count II. Even if the Court ignores the legal barrier posed by the written Use Agreement, Plaintiff's attached exhibits not only fail to show an account stated, but negate one. An account stated rests on the proposition that: "(1) there was an agreement between the parties that a certain open account balance is due, and (2) there was an express or implicit agreement to pay that balance." Wallace International Trucks,

---

[2] The same common allegations concerning the Use Agreement and its alleged breach incorporated into Counts I and II are specifically incorporated by Plaintiff into Count III. Complaint, ¶ 26.

5

Inc. v. Magruda Trucking Company, LP, 2007 U.S. Dist. LEXIS 19509, *32 (M. D. Fla. 2007). Consequently, a Complaint may be dismissed where the attached exhibits do not evidence these elements. Liquid Advertising, cited above, 2007 U.S. Dist. LEXIS 80380 at *14 (Plaintiff's complaint dismissed where the attachments did not show agreement by the correct parties). To reiterate, the attachments to the Complaint consist of two letters from the Defendant to the Plaintiff informing the Plaintiff that Defendant was withholding slightly over $100,000 of revenues due to state taxes paid by the Defendant. Complaint, ¶¶ 12 & 13; Exhs. "B" & "C". In response, Plaintiff's counsel sent a letter in which he vigorously disagreed that this withholding was correct and asserted that it was a breach of the written Use Agreement. Complaint, Exh. "D". Counsel for the Defendant then gave his riposte, informing Plaintiff that Defendant would continue to withhold funds and referring to prior explanations of why this did not breach the Use Agreement. Complaint, Exh. "E". Far from showing an account stated generated by the Plaintiff and agreed to by the Defendant, the Complaint's allegations and exhibits actually show Defendant reporting actions under the express terms of a written agreement that are contested by the Plaintiff. This, it is submitted is the *antithesis* of an account stated under the law. Count III should be dismissed for this additional reason.

    4.    Conclusion

In Counts II and III, Plaintiff has pleaded two "common counts" denominated "Open Account" and "Account Stated" using the forms and labels found in Forms 1.932 and 1.933 of the Forms for Use with Rules of Civil Procedure appended to the Florida Rules of Civil Procedure (2008). Under the Twombley standard of pleading announced by the Supreme Court this type of pleading may not survive a motion to dismiss because Plaintiff has not supplied specific factual allegations which overcame three kinds of defects in these claims:

a) They are legally incompatible with the existence of an express written contract and claims of liquidated damages for the breach thereof;

b) They do not attach any documents prepared by the Plaintiff as exhibits which can possibly be called an "account" or an "account stated;" and,

c) The exhibits which are attached affirmatively show that no account was ever provided to the Defendant by the Plaintiff or ever agreed between the parties.

To the contrary, a fair reading of the Complaint shows that a purely contractual dispute has arisen between Plaintiff and Defendant with regard to the correct interpretation of the Use Agreement's provisions about who should pay state taxes and how much should they pay. The issuance of an open account by the Plaintiff or its acceptance as an account stated have nothing to do legally or factually with such a claim and therefore Count's II and III should be dismissed by the Court.

Dated: March 3, 2009

PETERSON & MYERS, P.A.

By: */s/* **J. Davis Connor**_____
J. Davis Connor, Esq.
FBN 0713413
P. O. Box 24628
Lakeland, FL 33802-4628
Telephone: (863) 683-6511
Facsimile: (863) 904-1335
Email: jconnor@petersonmyers.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2009, I electronically filed the foregoing Motion and Memorandum with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record: Frederick J. Murphy, Jr., Boswell & Dunlap, LLP, P. O. Drawer 30, Bartow, FL 33831 and Warren Andrew Crawford, Esq. Boswell & Dunlap, LLP, P. O. Drawer 30, Bartow, FL 33831.

                                                    **/s/ J. Davis Connor**
                                                    J. Davis Connor, Esq.