UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

**CITY OF WINTER HAVEN,**
**a Florida municipal corporation,**

          **Plaintiff,**

v.                                              Case No.: 8:09-cv-190-T-17EAJ

**CLEVELAND INDIANS BASEBALL COMPANY, LP,**
**an Ohio limited partnership,**

**Defendants.**
_____

**CASE MANAGEMENT REPORT**

1.     <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on Friday, February 27, 2009 (date) at 9:00 a.m. (time) (check one) (__) by telephone (or) (x) at the office of Neal L. O'Toole, Esq. in Bartow, Florida (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Neal L. O'Toole, Esquire | Counsel for Plaintiff |
| Frederick J. Murphy, Jr., Esquire | Counsel for Plaintiff |
| J. Davis Connor, Esquire | Counsel for Defendant |

2.     <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or

reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__**x**__ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before <u>forty (40) days from the date this document is filed</u> (date).[2]

____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

   a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:
       (1) Requests for Admission:

   The Plaintiff may serve Requests for Admission as authorized by the Rules. Plaintiff anticipates serving Requests for Admission no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).
Rev: 4/01

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

The Plaintiff may serve written Interrogatories in the number authorized by the Rules or in such greater number as may be necessary as authorized by appropriate Order of the Court. Plaintiff anticipates serving written Interrogatories no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

The Plaintiff may serve Requests for Production or Inspection as authorized by the Rules. Plaintiff anticipates serving Requests for Production or Inspection, in no event later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

(4) Oral Depositions:

The Plaintiff may take oral depositions. Plaintiff anticipates taking ten or less depositions, including a Rule 30(b) deposition.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as

noted here: At this time, the Plaintiff is unable to determine when it will be possible to make a meaningful expert disclosure.

  c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: Plaintiff agrees to provide a supplementation of disclosures in compliance with Rule 26(e).

  d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before September 1, 2009.

4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

  a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (1) <u>Requests for Admission</u>:

The Defendant may serve Requests for Admission as authorized by the Rules. Defendant anticipates serving such Requests for Admission no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

   (2) <u>Written Interrogatories</u>:

Defendant may serve written Interrogatories in the number authorized by the Rules, or in such greater number if necessary as approved by the Court. Defendant anticipates serving such written Interrogatories no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Defendant may serve Requests for Production or Inspection as authorized by the applicable Rules. Defendant anticipates serving such Request no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.

(4) Oral Depositions:

Defendant may take oral depositions. Defendant anticipates taking ten (10) or less depositions, including a Rule 30(b)(6) deposition.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: The Defendant is at this time unable to provide a schedule for disclosure of expert testimony.

c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: The Defendant agrees to provide supplementation of disclosures in compliance with Rule 26(e).

d. Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before September 1, 2009 (date).

5. Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): None at this time.

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

None.

7.      Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing:

      a. motions for leave to file third party claims and/or motions to join parties should be N/A.

      b. motions for summary judgment and all other potentially dispositive motions should be October 1, 2009. (Note time limit in Local Rule 4.03.)

8.      Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_ likely (check one)
 **X**   unlikely at this time.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
\_\_\_\_ yes         \_X\_ no          \_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.      Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.
\_\_\_\_ yes         \_\_\_\_ no          \_X\_ likely to agree in future

10.     Preliminary Pretrial Conference:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
\_\_\_\_ request (check one)
 X    do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include: none presently determined.

11.     Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after November 1, 2009 (date) and for trial on or after December 1, 2009 (date). This **Jury \_X\_ Non-Jury** \_\_\_\_ trial is expected to take approximately 24 hours.

12.     Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that

Rev: 4/01

they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. Other Matters:
Plaintiff does not waive any conflict of interest and Defendant does not agree that one exists.

Date: March 6, 2009

LILY, O'TOOLE & BROWN, LLP

**/S/ Neal L. O'Toole**

_____
Neal L. O'Toole, Esq.
Florida Bar No. 069127
310 East Main Street
Bartow, FL 33830
(863) 533-5525 - telephone
(863) 533-0505 – facsimile
Email: notoole@loblawyers.com

**Trial Counsel for Plaintiff**


PETERSON & MYERS, P.A.

**/S/ J. Davis Connor**

_____
J. Davis Connor, Esq.
Florida Bar No. 0714313
P. O. Box 24628
Lakeland, FL 33802
(863) 904-1309 – telephone
(863) 904-1335 – facsimile
Email: jconnor@petersonmyers.com

**Trial Counsel for Defendant**