UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF WINTER HAVEN,

     Plaintiff,

v.                                CASE NO: 8:09-CV-00190-EAK-EAJ

CLEVELAND INDIANS BASEBALL
COMPANY, LP,

     Defendant.

_____/

### PLAINTIFF'S MOTION TO DISQUALIFY PETERSON & MYERS, P.A. FROM REPRESENTING DEFENDANT

COMES NOW the Plaintiff, the CITY OF WINTER HAVEN, by and through its undersigned attorneys, and hereby files this, its Motion to Disqualify the law firm of Peterson & Myers, P.A. from representing the Defendant in this action. Plaintiff states:

1. The CITY OF WINTER HAVEN (hereafter "City") brings this action against Defendant CLEVELAND INDIANS BASEBALL COMPANY, LP (hereafter "Indians") in order to collect improperly withheld monies from the settlement of Spring Training years 2004 and 2005.

2. On December 31, 2008, the City filed this action in the Circuit Court of the Tenth Judicial Circuit of Florida, in and for Polk County, Florida. (Doc. 2, Pg. 1). On February 5, 2009, the Indians removed this action to this Court pursuant to 28 U.S.C. §1441(b) by virtue of the Court's alleged diversity jurisdiction under 28 U.S.C. §1332. (Doc. 1). The "Notice of Removal" is signed by J. Davis Connor of Peterson & Myers, P.A., a Polk County law firm with offices in Lakeland, Lake Wales, and Winter Haven (hereafter "P&M").

1

3. P&M attorneys currently provide legal services to the City of Winter Haven on code enforcement matters. See §2-61, *et seq.*, Code of Ordinances of the City of Winter Haven (P&M lawyers act as the City's "Special Master" in place of the City's Code Enforcement Board).

4. Rule 4-1.7 of the Rules Regulating the Florida Bar, and Rule 2.04(d) of the Local Rules of the Middle District of Florida, "prohibit a lawyer from representing a client if the representation of one client will be directly adverse to another client." S.E.C. v. Kirkland, Case No. 6:06-CV-183-ORL-28KRS, 2008 WL 4144424, *5 (M.D. Fla. Sep. 5, 2008). This prohibition against concurrent adverse representation is based on two principles. First, a client is entitled to his lawyer's "undivided loyalty" as his "advocate and champion." Florida Ins. Guar. Ass'n. Inc. v. Carey Can., 749 F. Supp. 255, 258 (S.D. Fla. 1990). Second, a lawyer should never place himself in a position where a conflicting interest may, even inadvertently, affect the obligations of an ongoing professional relationship. See, e.g., International Business Machines Corp. v. Levin, 579 F.2d 271, 280 (3d Cir. 1978); Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1386 (2d Cir. 1976).

5. The Indians should not be allowed to use P&M unless the disqualification issues arising from the City's employ of P&M have been resolved. As the City has not waived any conflict that exists under Rule 4-1.7, disqualification is appropriate.

WHEREFORE, Plaintiff, the CITY OF WINTER HAVEN, moves this Court for entry of an order:

(a) Granting its Motion to Disqualify Peterson & Myers, P.A. from representing the Cleveland Indians in this action;

(b) Requiring the Cleveland Indians to obtain counsel free from conflict; and

(c)     Granting such other and further relief as may be appropriate under the circumstances.

## INCORPORATED MEMORANDUM OF LAW

Rule 4-1.7(a) of the Rules Regulating the Florida Bar deals with concurrent representation of two clients and states that "a lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client...." The comment to Rule 4-1.7 states that "a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated." R. Regulating Fla. Bar. 4-1.7. "Rule 4-1.7 bars simultaneous representation of two clients with adverse interests without consent by both clients." Hilton v. Barnett Banks, Inc., Case No. 94-1036-CV-T24(A), 1994 WL 776971, *2 (M.D. Fla. Dec. 30, 1994).

"This prohibition against concurrent adverse representation is based on two principles. First, a client is entitled to his lawyer's undivided loyalty as his advocate and champion." Id. at *3 (citing Florida Ins. Guar. Ass'n. Inc. v. Carey Can., 749 F. Supp. 255, 258 (S.D. Fla. 1990)). "Second, a lawyer should never place himself in a position where a conflicting interest may, even inadvertently, affect the obligations of an ongoing professional relationship." Id. (citing International Business Machines Corp. v. Levin, 579 F.2d 271, 280 (3d Cir. 1978) and Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1386 (2d Cir.1976)).

"For existing clients, Rule 4-1.7(a) does not distinguish between matters related or unrelated." Morse v. Clark, 890 So. 2d 496, 489 (Fla. 5th DCA 2004).

Notably, an allegation of unfair hardship by a party is to be ignored in cases where it is shown that an attorney is breaching his duty of loyalty; provided that the affected client has not consented to the appearance, an attorney is forbidden from representing an adverse interest to it.

3

See Harrison v. Fisons Corp, 819 F. Supp. 1039, 1041 (M.D. Fla. 1993).

Generally, Rule 4-1.7 applies to an attorney occupying public office. See In re Amendments to the Rules Regulating the Florida Bar, 933 So. 2d 417, 449 (Fla. 2006).[1]

The City's motion presents two issues for the Court to decide: First, does the concurrent representation of the City and the Indians by P&M constitute a conflict of interest under Rule 4-1.7 such that disqualification is necessary? Second, if a conflict of interest does exist, what is the appropriate remedy under the circumstances presented?

*The Indians Have Created A Conflict by Retaining P&M*

It should seem fairly elementary that a conflict of interest exists for P&M under Rule 4-1.7 of the Rules Regulating the Florida Bar. P&M lawyers, currently serve in a public office of the City (Special Master). See Exhibit 'A', attached hereto and incorporated herein (contract between City and Mr. Douglas A. Lockwood of P&M). In that position, P&M lawyers render legal expertise and skill in evaluating cases and rendering judgments as to the existence or non-existence of violations of the City's Code of Ordinances. See §2-61, *et seq.*, Code of Ordinances of the City of Winter Haven. Mr. Conner, a P&M lawyer, currently represents the Cleveland Indians in the suit at bar, against the City's direct interest. The City has not waived any conflict that might exist. See Exhibit 'B' attached hereto and incorporated herein (affidavit of David L. Greene, City Manager).

Rule 4-1.7(a) "forbids a lawyer from representing a client in a matter directly adverse to

---

[1] The City is aware that Rule 4-1.11 of the Rules Regulating the Florida Bar, and general public policy, provides for a special set of disqualification standards for government lawyers. That rule allows for screening of a personally disqualified lawyer in order to **avoid conflict imputation**. See In re Amendments, 933 So. 2d at 426 (the definition of the term Screened indicates that it "applies to situations where screening of a personally disqualified lawyer is permitted to remove imputation of a conflict of interest."). As will be argued *infra*, when an entire firm serves in a Special Master context, the firm itself should be unable to avoid disqualification.

4

an existing client unless: (1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; ***and*** (2) each client consents after consultation." Morse, 890 So. 2d at 498 (emphasis added).  Because P&M cannot show that it consulted the City, and that the City gave informed consent for P&M to represent the Indians against it, a conflict exists under Rule 4-1.7 of the Rules Regulating the Florida Bar and P&M would be prohibited from representing both the City and the Indians.  Hilton

*As Screening is Impractical, P&M Should be Disqualified*

The City anticipates that the Indians will argue that P&M as a firm should not be disqualified under Rule 4-1.10 of the Rules Regulating the Florida Bar if P&M engages in "screening" pursuant to Rule 4-1.11.  The City contends however that screening is inappropriate when multiple lawyers from a particular firm serve the City.  See Composite Exhibit 'C' attached hereto and incorporated herein (P&M lawyer Brian Mathis served as the City's Special Master as recently as last week).

Because of the inherent adversity between the City and the Indians in this case, it is the City's position that the Indians should not be allowed to use P&M to defend the City's complaint until and unless the disqualification issues have been resolved.  Because the City has not waived any conflict that exists under Rule 4-1.7, the firm should be disqualified from representing the Indians.

                                                //s  Neal L. O'Toole
                                                Neal L. O'Toole
                                                Lilly, O'Toole & Brown, LLC
                                                310 E Main St
                                                PO Box 50
                                                Bartow , FL 33831
                                                863/533-5525
                                                Fax: 863-533-0505
                                                Email: notoole@loblawyers.com

//s  Frederick J. Murphy, Jr.
Frederick J. Murphy , Jr.
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: fjm@bosdun.com

//s  W.A. "Drew" Crawford
W.A. "Drew" Crawford
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: drew@bosdun.com

*Attorneys for Plaintiff*
*The City of Winter Haven, Fla.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will electronically mail a copy to: **J. Davis Connor**, Peterson & Myers, P.A., PO Box 24628, Lakeland, Florida 33802-4628, Email: jconnor@petersonmyers.com.

//s Neal L. O'Toole
Neal L. O'Toole

## CERTIFICATE OF LOC. R. 3.01(g) COMPLIANCE

I HEREBY CERTIFY that I have conferred with **J. Davis Connor**, counsel for the Defendant, in a good faith effort to resolve the issues raised herein. Counsel does not agree with the relief sought by this Motion.

6

    <u>//s Neal L. O'Toole          </u>
Neal L. O'Toole