UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF WINTER HAVEN,

    Plaintiff,

v.                               CASE NO: 8:09-CV-00190-EAK-EAJ

CLEVELAND INDIANS BASEBALL
COMPANY, LP,

    Defendant.

_____/

PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS WITH
INCORPORATED MEMORANDUM OF LAW

    COMES NOW the Plaintiff, the CITY OF WINTER HAVEN, by and through its undersigned attorneys, and hereby files this, its response to Defendant's Amended Motion to Dismiss Counts II and III of Plaintiff's state court-filed Complaint. Plaintiff states:

    1.    The CITY OF WINTER HAVEN (hereafter "City") brings this action against Defendant CLEVELAND INDIANS BASEBALL COMPANY, LP (hereafter "Indians") in order to collect monies due to the City that the Indians *improperly withheld without claim of right*. The City seeks relief under three legal theories:

    (a)    An award of damages for the Indians' material breach of a written agreement governing the parties' overall course of dealing; (Doc. 2, Pg 5);

    (b)    An award of damages for the settlement of the present and existing open account of transactions between the parties; (Doc. 2, Pgs. 5, 6); and

    (c)    An award of damages for stated amount of the open account due, in an amount agreed upon by the Indians, *based upon Indians-issued statements of account*, as well as

1

demands made by the City's legal counsel; (Doc. 2, Pgs. 6, 7).

In support of its action, the City has attached to its Complaint several exhibits evidencing the course of dealing of the parties, including the most current version of the "Amended and Restated Use Agreement" for the Chain-O-Lakes baseball facility, statements rendered by the Indians showing the improperly retained sums due to the City, and City demands for payment of the withheld monies. See (Doc. 2, Exhibits 'A' through 'E').

    2.    The City filed this action in the Circuit Court of the Tenth Judicial Circuit of Florida, in and for Polk County, Florida on December 31, 2008. (Doc. 2, Pg. 1). On February 5, 2009, the Indians removed this action to this Court pursuant to 28 U.S.C. §1441(b) by virtue of the Court's diversity jurisdiction under 28 U.S.C. §1332.

    3.    In its Motion to Dismiss, the Indians claim that Counts II and III of the City's Complaint, its claims for relief under theories of open account and account stated, fail to state a cause of action because of (a) alleged legal incompatibility of the theories with the existence of an express contract and (b) failure of the Plaintiff to attach supporting documentation to its Complaint. (Doc. 12, Pg. 7).[1]

    4.    In Florida, the existence of a written contract is not inconsistent with recovery of damages on an open account of credit transactions. See Cherokee Oil Co. v. Union Oil Co. of California, 706 F. Supp. 826, 830-31 (M.D. Fla. 1989)("Open account refers to an unsettled

---

[1] After review of the document, it appears abundantly clear that the Indians' Amended Motion to Dismiss is limited to the two matters previously mentioned and the City will limit its response accordingly. Though the Defendant argues on Page 7 of its motion that the City's exhibits "affirmatively show that no account was ever provided" by the City to the Indians, this averment is, in essence, an extension of the alleged documentation issue and is subsumed by item "b)". (Doc. 12, Pg. 7). Interestingly, the Indians appear to argue in its motion that *its unilateral holdback* of an *amount of its choosing* cannot be utilized in reliance by the City as evidence establishing the existence of a series of credit transactions or an agreement for purposes of recovery on a stated account receivable.

claim or demand by one person against another, based on a transaction creating a debtor and creditor relation between the parties. … A transaction creating a debtor-creditor relationship arises out of a contract"); Central Ins. Underwriters, Inc. v. National Ins. Fin. Co., 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992)("In Florida, an open account has been defined as an unsettled debt arising from items of work and labor, goods sold and delivered with the *expectation of further transactions subject to further settlement*.")(*citing* Robert W. Gottfried, Inc. v. Cole, 454 So. 2d 695, 696 (Fla. 4th DCA 1984))(internal quotations removed)(emphasis added). See also, 1 Am. Jur. 2d *Accounts and Accounting* §4 (2d Ed. 2008).

5. Further, the existence or non-existence of a contract is immaterial as to whether an account stated claim is properly pled. See Mercado v. Lion's Enterprises, Inc., 800 So. 2d 753, 756 (Fla. 3d DCA 2001)("For an account stated to exist there must be an agreement between the parties that a certain balance is correct and due and an express or implied promise to pay this balance.").

6. Finally, the documents attached to the City's Complaint suffice as the required statements of account necessary to support state-law open account and account stated claims.

WHEREFORE, Plaintiff, the CITY OF WINTER HAVEN, prays this Court deny the Defendant's Amended Motion to Dismiss and award such other further relief as the Court may deem proper under the circumstances.

### INCORPORATED MEMORANDUM OF LAW

#### *1. Legal Standards*

*Standard for Rule 12(b)(6) Dismissal Motions*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion attacking the legal sufficiency of a complaint. Pursuant to Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Systems, Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla.2007) (quoting Twombley, 127 S.Ct. at 1964-65). In deciding such a motion, the court must construe the facts in a light favorable to the plaintiff. See Williams v. Bd. of Regents of the Univ. Sys. of Ga., 441 F.3d 1287, 1295 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Rule 12(b)(6) motions are disfavored and are rarely granted. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). They should only be granted if the court finds beyond a reasonable doubt that the plaintiff can prove no set of facts entitling it to the relief sought. See Id. (citing Conley v. Gibson, 355 U.S. 41, 45-56 (1957)); Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992).

*"Erie Rule" & Application of State Law*

A federal court sitting in diversity jurisdiction applies the substantive law and standards of the state in which it sits. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938); Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F. 3d 1317, 1318 (11th Cir. 2004). In applying state law, a federal court "must decide the case the way it appears the state's highest court would." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F. 3d 1285, 1290 (11th Cir. 2001). This is not to say that state law controls the manner in which substantive rights are pled or are shown; such matters are governed by the Federal Rules of Civil Procedure. See Everly Aircraft Co. v.

Killian, 414 F.2d 591, 603 (5th Cir. 1969).[2] Rather, the substance and nature of state-law claims brought in federal courts are governed by the forum state's laws. See Jackson v. BellSouth Telecommunications, 372 So. 2d 1250, 1276-77 (11th Cir. 2004).

*Standards Necessary to Sustain Action for "Open Account" Under Florida Law*

Judge Moody stated the Florida standards for an open account action in his recent slip opinion:

> An open account is one which is based upon a connected series of transactions, and which has no break or interruption. 1 Am. Jur. 2d *Accounts and Accounting* §4. In Florida, an open account has been defined as an unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement. Central Insurance Underwriters, Inc. v. National Insurance Finance Company, 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992), citing Robert W. Gottfried, Inc. v. Cole, 454 So. 2d 695, 696 (Fla. 4th DCA 1984). Money advanced may form the basis of an open account. 1 Am. Jur. 2d *Accounts and Accounting* §7.
>
> The three essential elements of [a sales transaction based] open account claim are: (1) that a sales contract existed between the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered. See Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc., 376 So. 2d 22, 24; Evans v. Delro Industries, Inc., 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987).

---

[2] Decisions of the former Fifth Circuit prior to September 30, 1981 are binding upon the Eleventh Circuit and its judicial districts. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Additionally, in order to state a valid claim on an open account, the claimant must attach an "itemized" copy of the account. H & H Design Builders, Inc. v. Travelers' Indemnity Company, 639 So. 2d 697, 700 (Fla. 5th DCA 1994), citing Moore v. Boyd, 62 So. 2d 427 (Fla.1952). See also Florida Rules of Civil Procedure Form 1.932 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached").

Idearc Media Corp. v. Premier Limousine, LLC, Case No. 8:08-cv-1695-T-30MAP, 2009 WL 482293, *2 (M.D. Fla. Feb. 25, 2009). Open account, is thus, at its core, "an unsettled claim or demand by one person against another, based on a transaction creating a debtor and creditor relation between the parties." Cherokee Oil Co. v. Union Oil Co. of California, 706 F. Supp. 826, 830-31 (M.D. Fla. 1989). Florida courts have stated that open account is essentially an action to settle a debt created by a series of credit and debit transactions between the parties. See Mercado v. Lion's Enterprises, Inc., 800 So. 2d 753, 755 (Fla. 5th DCA 2001); Hawkins v. Barnes, 661 So. 2d 1271, 1273 (Fla. 5th DCA 1995); Central Ins., 599 So. 2d at 1373.

*Standards Necessary to Sustain Action for "Account Stated" Under Florida Law*

In Idearc Media, Judge Moody likewise stated the Florida standards for an account stated cause of action:

An account stated is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment. Nants v. Federal Deposit Insurance Corporation, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994), citing 1 Fla. Jur. 2d *Accounts and Accounting* §5. "[A]n account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the

account was rendered to object within a reasonable time or an express acquiescence in the account rendered." Nants, 864 F. Supp. at 1219. A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent. Id. at 1219-20; see also 1 Fla. Jur. 2d *Accounts and Accounting* §14. The practice of periodic billings for certain amounts in the regular course of business, where no objection to the amount of the bill is made within a reasonable time, may raise such a presumption. Id., citing F.D.I.C. v. Brodie, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992); see also First Union Discount Brokerage Services, Inc. v. Milos, 997 F.2d 835, 841 (11th Cir. 1993). "[T]he presumption of correctness which attaches in an account stated stems from the statements themselves." See Nants at 1221; see also Florida Rules of Civil Procedure Form 1.933 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached").

2009 WL 482293 at *3.

### *2. Argument*

### *The City of Winter Haven has Stated an Open Account Claim*

Taking the allegations in the City's complaint as true, as the Court must, the City has agreed to allow the Indians use of its baseball facility in exchange for a portion of the total revenues collected during any given Spring Training year. (Doc. 2, Pgs. 3, 4, ¶¶ 9, 10); (Doc. 2, Ex. 'A'). The City and the Indians each collect *portions* of the total revenue subject to revenue sharing and exchanged monthly collection reports. (Doc. 2, Pgs. 3, 4, ¶ 10). Though the agreement called for monthly payments between the parties, the Indians submitted an annual settlement statement to the City reflecting the series of revenue transactions for the season.

(Doc. 2, Pg. 4, ¶ 11); (Doc. 2, Ex. 'B"); (Doc. 2, Ex. 'C'). During the 2004 and 2005 Spring Training Years, the Indians improperly withheld $107,454.28 due to the City, such sums being in settlement of the City's and the Indians' revenue sharing account balances, and reflected on Exhibits B and C to the City's Complaint. (Doc. 2, Ex. 'B"); (Doc. 2, Ex. 'C').

The Indians argue that the use agreement, which governs the sharing of revenues between the parties, can be likened to the insurance contracts at issue in H & H Design Builders, Inc. and Morse, LLC v. United Wisconsin Life Insurance Co., 356 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 2005). In H & H Design Builders, Inc., a life insurance company brought suit for premium payments due under an open account theory. Citing a California case for the proposition that an open account "should not include express contracts or other obligations that have been reduced to writing" the H & H Design Builders, Inc. Court dismissed the insurance company's open account claim as it was clear the insurance company did nothing more than send a bill to its insured. 639 So. 2d at 698. Morse, LLC is factually similar. 356 F. Supp. 2d at 1298 ("Cyberknife billed United and United has failed to pay the claims.").

As opposed to the H & H Design Builders and Morse, LLC cases, the dispute between the City and the Indians centers on settlement of a series of monthly collections that the parties individually obtain in their capacities identified in the contractual arrangement. See (Doc. 2, Ex. 'A-1', Pgs. 13, 14)(reports of raw numbers to be shared between the parties showing the amount of collections); (Doc. 2, Ex. 'B')(settlement statement on report identifying amount due to the City under the revenue sharing system, necessarily based on reports shared by the parties (parking number is notated as "collected by the City of Winter Haven")). This arrangement is more than a single bill, it is a set of bills and a series of transactions, done in the expectation that further transactions will take place. Further, the fact that the Indians did not remit monies

8

monthly as required by the contract, but rather kept monies on hand until the end of the season and then settled the account, indicate that this set of transactions was in the nature of a mutual account of debits and credits, settled only upon the amount of tickets sold, parking spaces leased, and concessions purchased, as opposed to a mere bill for an arbitrary amount of money. See Cherokee Oil Co. (debtor/creditor relationship is key to open account claim); Mercado, 800 So. 2d at 755; Hawkins 661 So. 2d at 1273; Central Ins., 599 So. 2d at 1373.

The fact that the documents attached by the City are statements *generated by the Indians* does not defeat the open account claim. The ostensible purpose of attaching an itemized statement of account to an open account claim (showing "time of accrual") is to determine whether the claim, or a portion thereof, is barred from collection by the statute of limitations. See Perry v. Reichart, 113 Fla. 125, 151 So. 403 (Fla. 1933); Moore v. Boyd, 62 So. 2d 427, 430 (Fla. 1952) *overruled on other grounds by* Stevenson v. Arnold, 250 So. 2d 270 (Fla. 1971)(on reh'g)(complaint without "bill of particulars" is defective because "it did not allege the time element"). Further, Florida law, as stated by its Supreme Court, does not require a *Plaintiff's* statement of account to be attached, rather, simply, a "copy of the account, showing items, time of accrual of each, and amount of each". Fla. R. Civ. P. Form 1.932; In re: Florida Rules of Civil Procedure, 211 So. 2d 174, 184-84 (Fla. 1968). Reading the documents attached to the City's complaint in concert, along with the general knowledge of when major league sports seasons begin and end, the City easily establishes the time element necessary to sustain the claim. The Use Agreement dictates that the "Spring Training Season" is the applicable period of time that revenue sharing accounting is to be kept (Doc. 2, Ex. 'A-1', Pgs. 6, 7) and the Statements rendered by the Indians indicate the applicable periods to be the Spring Training Seasons for 2004 and 2005 (Doc. 2, Ex. 'B'), (Doc. 2, Ex. 'C'). See North Am. Soccer League v. National

Football League, 505 F. Supp. 2d 659, 678 n. 12 (S.D.N.Y. 1980) *rev'd in part on other grounds* 670 F.2d 1249 (2d Cir. 1982)(judge may judicially notice when sporting events occur).[3]

Accordingly, the positions advanced by the Indians concerning the City's open account claim are without merit. The count should stand.

*The City of Winter Haven has Stated an Account Stated Claim*

Likewise, the City has properly stated a claim for account stated. As mentioned *supra*, the elements for an account stated claim are simple: fixation of the amount due on a series of transactions, and conduct showing acquiescence. Nants, 864 F. Supp. at 1219. Interestingly, the season-end settlement statements rendered by the Indians fix the amount due the City under the season-long series of receipt transactions at the amount pled for in the Complaint: $107,454.28. (Doc. 2, Ex. 'B'); (Doc. 2, Ex. 'C'). Notwithstanding fixation of this amount (and the implicit acquiescence by the Indians in its veracity by totaling it), the Indians argue that the existence of the Use Agreement voids the claim. Further, the Indians make the bold assertion that because they acted improperly by failing to tender the amount due, there can be no agreement that the *account balance* is correct.

The Indians' arguments are misplaced. ***As is shown from the Motion, there is no dispute as to the correct total due that would have been due to the City under the Joint Use Agreement's revenue sharing provisions***. Rather, as bluntly put by the Indians: "the Complaint's allegations and exhibits … show [the Indians] reporting actions under the express terms of a written agreement." (Doc. 12, Pg. 6). Notably, the Indians failed to inform the Court of *which* "express" term of the Use Agreement that they rely upon for this novel notion. Further,

---

[3] In the event the Court finds that the appropriate documents have not been attached to the Complaint, the correct remedy is to grant the City leave to amend in order to rectify the situation. See Liquid Advertising, Inc. v. G & G Dev. Antigua, Case No. 8:07-cv-999-T-30MAP, 2007 WL 3231784, *4 (M.D. Fla. Oct. 30, 2007).

10

as the Court is hearing this matter on a motion to dismiss, all allegations in the City's Complaint *must* be treated as true. Williams. Accordingly, as the Complaint alleges that the documents issued by the City's attorney are demands for payment, under the account statements *as rendered by the Indians organization itself*, the Complaint states a cause of action for an account stated under Florida law.

### *3. Conclusion*

For the reasons stated herein, Defendant's Amended Motion to Dismiss Counts II and III should be denied.

//s  Neal L. O'Toole
Neal L. O'Toole
Lilly, O'Toole & Brown, LLC
310 E Main St
PO Box 50
Bartow , FL 33831
863/533-5525
Fax: 863-533-0505
Email: notoole@loblawyers.com

//s  Frederick J. Murphy, Jr.
Frederick J. Murphy , Jr.
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: fjm@bosdun.com

//s  W.A. "Drew" Crawford
W.A. "Drew" Crawford
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: drew@bosdun.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will electronically mail a copy to: **J. Davis Connor**, Peterson & Myers, P.A., PO Box 24628, Lakeland, Florida 33802-4628, Email: jconnor@petersonmyers.com.

          //s Neal L. O'Toole
          Neal L. O'Toole