UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CITY OF WINTER HAVEN,**

    **Plaintiff,**

**v.**                                                     **Case No.: 8:09-CV-0190-T-17EAJ**

**CLEVELAND INDIANS BASEBALL
COMPANY, LP,**

    **Defendant.**
_____/

## ORDER

Before the court are Plaintiff's **Motion to Disqualify Peterson & Myers, P.A. From Representing Defendant** (Dkt. 15) and Defendant's **Response** (Dkt. 20). On December 31, 2008, Plaintiff filed a complaint in state court alleging Defendant breached a contract wherein Plaintiff allowed Defendant access to a baseball facility in exchange for certain guaranteed revenues (Dkt. 2 at 2). Defendant is represented in this matter by the law firm Peterson & Myers, P.A. ("P&M") (Dkt. 20 at 8).[1] Plaintiff submits that P&M should be disqualified from representing Defendant because Plaintiff pays P&M to serve as a "special magistrate" or "special master" in code enforcement proceedings (Dkt. 15 at 2).[2]

Rule 4-1.7(a) of the Rules Regulating the Florida Bar prohibits a lawyer from representing a client if: "(1) the representation of 1 client will be directly adverse to another client; or (2) there

---

[1] The court's references to P&M include individual P&M attorneys.

[2] Regarding code enforcement proceedings, the terms "special magistrate" and "special master" are used interchangeably by Florida statutory law and Plaintiff's municipal code. See generally Fla. Stat. §§ 162.01-162.13 (using "special magistrate"); Winter Haven, Fla., Code art. III, div. 2, §§ 2-61-2.67 (using "special master"). The court uses the terms interchangeably as well.

is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."[3]

The degree to which Rule 4-1.7(a) controls the circumstances of this case is a novel question.[4] On its face, Rule 4-1.7(a) appears to be implicated here only if P&M's service as a special master makes Plaintiff "another client" of P&M. Plaintiff submits it is "fairly elementary" that Plaintiff is P&M's client because "P&M lawyers render legal expertise and skill in evaluating cases and rendering judgments as to the existence or non-existence of violations of the City's Code of Ordinances"(Dkt. 15 at 4). Defendant responds that as a special master P&M does not give legal advice to Plaintiff, as it would to a client, and emphasizes that pursuant to Plaintiff's municipal code it is Plaintiff's City Attorney who serves as legal counsel to P&M in code enforcement proceedings (Dkt. 20 at 2).

Resolution of this dispute is advanced by examination of the statutes and ordinances defining P&M's role when serving as a special master. In Florida, municipalities such as Plaintiff may

> adopt an alternate code enforcement system that gives code enforcement boards or special magistrates designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances. A special magistrate shall have the same status as an enforcement board under this chapter. References in this chapter to an enforcement board, except in s. 162.05, shall include a special magistrate if the context permits.

Fla. Stat. § 162.03(2) (2004). A special master may oversee a code enforcement hearing and, at its

---

[3] Although an exception to Rule 4-1.7(a) applies where certain conditions are met, including the written consent of the parties, Rule 4-1.7(b), Plaintiff does not so consent (Dkt. 15 at 2).

[4] Indeed, neither party cites legal authority from Florida or any other jurisdiction addressing whether a conflict arises where a law firm represents a party adverse to a governmental entity while accepting payment from the same entity to act in a quasi-judicial role as a "special master" or "special magistrate."

conclusion, "shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with powers granted herein." Fla. Stat. § 162.07(4) (1995). A non-prevailing party, "including the local government body," may appeal a special master's final order to the Florida circuit court. Fla. Stat. § 162.11 (1986). Whatever the outcome of a final order, a special master "shall be compensated for performing said service." Winter Haven, Fla., Code art. III, div. 2, §§ 2-61(d).

These provisions reveal that the role of a special master in overseeing a code enforcement proceeding is distinguishable from that of an attorney in representing a client. For instance, an attorney must "abide by a client's decisions." Rule 4-1.2(a) of the Rules Regulating the Florida Bar. Yet when serving as a special master P&M need not abide by Plaintiff's decisions, but instead may enter an order adverse to Plaintiff's position. Plaintiff in turn is entitled to appeal an adverse decision by P&M. The Rules Regulating the Florida Bar simply do not contemplate such adversity between an attorney and a client.

Moreover, as Defendant correctly points out, Plaintiff's municipal code provides that "[t]he city attorney shall act as the attorney for the code enforcement special master." Winter Haven, Fla., Code art. III, div. 2, §§ 2-65. This provision implies that when P&M serves as a special master, P&M is the client of Plaintiff's City Attorney. There is nothing in the Florida statutes or Plaintiff's municipal code, however, suggesting that a special master should give legal advice to Plaintiff or anyone else.

Because the relationship between P&M, as special master, and Plaintiff in code enforcement proceedings is not an attorney-client relationship, P&M's present representation of Defendant is not adverse to "another client." Moreover, although P&M is compensated for serving as a special master, such compensation does not create a substantial risk that P&M's representation of Defendant

will be materially limited in this matter. Finally, Plaintiff has not shown how P&M's quasi-judicial role in code enforcement proceedings might have any effect whatsoever on P&M's representation of Defendant regarding the parties' contractual dispute.[5] Consequently, P&M should not be disqualified from representing Defendant in this matter.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Plaintiff's Motion to Disqualify Peterson & Myers, P.A. From Representing Defendant (Dkt. 15) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 21st day of April, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[5] Indeed, Plaintiff's contract with P&M for special master services provides that P&M "may represent clients other than [Plaintiff] provided that representation of such other clients does not create a conflict of interest concerning code enforcement services that are being provided by [P&M] on behalf of [Plaintiff]" (Dkt. 15 Ex. 2 at 4).