**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CITY OF WINTER HAVEN,**

      **Plaintiff,**

**v.**                                          **CASE NO. 8:09-CV-00190-T-17EAJ**

**CLEVELAND INDIANS BASEBALL**
**COMPANY, LP,**

      **Defendant.**
_____/

**ORDER ON DEFENDANTS AMENDED MOTION TO DISMISS**

This cause comes before the court on Defendant's Amended Motion to Dismiss filed on

March 3, 2009 (Doc. 12) and response thereto filed on March 17, 2009 (Doc. 16). For the

reasons set forth below, Defendant's Amended Motion to Dismiss is **GRANTED** and the

Plaintiff is instructed to re-file on the breach of contract claim only.

**I.      BACKGROUND**

Plaintiff, City of Winter Haven (Winter Haven), is a Florida municipality located entirely

in the State of Florida. Defendant, Cleveland Indians Baseball Company, LP (Cleveland

Indians) is an Ohio limited partnership.

In 1992, Winter Haven and the Cleveland Indians entered into a written contract entitled

"Use Agreement." The agreement provided for use of the "Chain-O-Lakes" baseball facility in

exchange for certain guaranteed revenues. In exchange for exclusive use and possession of the

facility, the Cleveland Indians were required to pay Winter Haven a certain amount of revenues.

Both parties had respective revenue collection duties and monies were to be exchanged monthly.

In the course of performance of the contract, the respective revenues owed were exchanged at the end of each year. The Cleveland Indians withheld revenues in both 2004 and 2005 and those withheld revenues are what is at issue.

Plaintiff alleges three causes of action arising from the conduct of the Defendant, these include (I) breach of contract, (II) open account, and (III) account stated.

## II.    ANALYSIS

Defendant moves to dismiss Counts II and III of Plaintiff's complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombley*, 127 S.Ct. at 1964-65). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

For the following reasons, this Court **GRANTS** Defendant's requests.

### A.  Count II – Open Account

Defendant claims that Plaintiff's open account claim is subject to dismissal under F.R.C.P. 12(b)(6) and Florida law. The concept of an open account is difficult to define as there is little Florida case law on the subject. *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 696 (Fla. 4th DCA, 1984). Defendant argues that the written contract and the count for breach in the present case preclude relief based on an open account (Doc. 12 at 3). Plaintiff argues that under

Florida law a written contract is not inconsistent with recovery on an open account; Plaintiff cites several cases for this position (Doc. 16 at 2).

In further review of the supplied case law, the Court is not persuaded to accept Plaintiff's reading. In *Cherokee Oil Co. v. Union Oil Co. of California,* the pleading was for an oral contract, which was found to be not binding because the parties intended to formalize a written contract based on the negotiations. *Cherokee Oil Co. v. Union Oil Co. of California*, 706 F. Supp. 826, 829 (M.D. Fla. 1989). The claim for an open account was denied because there was no showing that the Defendant agreed to pay Plaintiff for the services he rendered and hence there could be no contract for those services. *Cherokee*, 706 F. Supp. 826, 830-31. In *Robert W. Gottfried, Inc. v. Cole*, the open account concerned work done by plaintiff and the agreement in question was not fixed or certain and the debt incurred would vary depending on how much work was requested. *See Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 697 (Fla. 4th DCA, 1984).

Plaintiff cites to a recent slip opinion of Judge Moody for the Florida standards for an open account action. But this is also not persuasive. An open account "should not include express contracts or other obligations that have been reduced to writing." *H & H Design Builders v. Travelers' Indem. Co*., 639 So.2d 697, 700 (Fla. 5th DCA 1994). On the face of the complaint the tendering of revenues due to the city of Winter Haven is a contractual obligation reduced to writing. The fact that revenue is recorded as it is acquired by Plaintiff and Defendant does not make it an open account. *See H & H Design Builders*, 639 So.2d 697, 700 (An obligation does not become an "open account" simply because the amount due under a contract requires calculation).

Accordingly, Defendant's Motion to Dismiss Count II – Open Account is granted.

.      **B.  Count III – Account Stated**

Defendant claims that Plaintiff's account stated claim is subject to dismissal under

F.R.C.P. 12(b)(6) and Florida law.  Under a declaration upon an account stated, the cause of

action requires an agreement between the parties to pay the amount due upon the accounting; it

is not specifically based on any written instrument.  *Whittington v. Stanton*, 58 So. 489 (Fla.

1912). The account may be made up of claims based on written instruments as well as oral

agreements, or a combination of both.  *Id*.

In their motion to dismiss, the Defendant compares the present case to the plaintiff's

claims in *Nicolaysen v. Flato* (Doc. 12 at 3).  In Nicolaysen, the plaintiff sued on an express

warranty and also sued under a claim of account stated based on a demand letter as to that

express warranty, where the demand letter was not responded to.  *Nicolaysen v. Flato*, 204 So.2d

547, 549 (Fla. 4th DCA 1967).    The present case is not analogous to *Nicolaysen* because the

Defendant in the present case is alleged to have created a statement of a sum owed to Plaintiff,

which is enough to state a prima facie claim for an account stated as to the total owed in

Defendant's letter (Doc. 2 at 78).  *See Nants v. F.D.I.C.*, 864 F.Supp. 1211, 1220 (S.D. Fla.

1994) (Stating that a prima facie case of account stated can be proved by evidence that the

account was rendered under circumstances that raise a presumption of assent).  Hence, an

account stated claim could potentially stand, but only as to the amount the Defendant agreed was

owed and if the Plaintiff also agreed to the amount calculated.

"An account stated is defined as an agreement between persons who have had previous

transactions, fixing the amount due in respect to such transactions and promising payment."

*Nants*, 864 F.Supp. 1211, 1219 (citing 1 Fla. Jur. 2d *Accounts and Accounting* § 5) (internal

quotations omitted).  "To overcome the prima facie case, the party attacking the account stated

must offer proof of fraud, duress, mistake or other grounds cognizable in equity for the

avoidance of an instrument."  *Nants*, 864 F.Supp. 1211, 1220 (citing *Merrill-Stevens Dry Dock*

*Co. v. "Corniche Express",* 400 So.2d 1286, 1287 (Fla. 3d DCA 1981)) (internal quotations

omitted).  Since an account stated is treated as an instrument, agreement of the parties to the

amount affixed as due it paramount and the complaint should allege agreement.  However, the

account stated attached to the complaint shows that the $107,454.28 was disputed by the

Defendant as being currently due (Doc. 2 at 78) and that the account as stated by Defendant was

disagreed to by Plaintiff (Doc. 2 at 86-89).  Taking the complaint as its face, Plaintiff requests

that the court rule that an account stated can rest on an account rendered by the Defendant and

disagreed to by the Plaintiff.  Consequently, the complaint as pled does not support a count for

an account stated under Florida law.

Accordingly, Defendant's Motion to Dismiss Count III – Account Stated, is granted.

## III.    CONCLUSION

Counts II and III of the complaint, Open Account and Account Stated respectively, must

be dismissed.  Count II – Open Account must be dismissed because the contractual liability at

issue is based on express written terms and Count III – Account Stated must be dismissed

because the complaint shows a disagreement as to whether the monies withheld are due in the

statements attached to show an account stated.  Accordingly, it is:

**ORDERED** that Defendant's Amended Motion to Dismiss is **GRANTED** as to Plaintiff's Counts II and III.  Plaintiff is instructed to file on the breach of contract claim only within five (5) days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of April, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.