UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF WINTER HAVEN,

    Plaintiff,

v.                                                          CASE NO: 8:09-CV-00190-EAK-EAJ

CLEVELAND INDIANS BASEBALL
COMPANY, LP,

    Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, CITY OF WINTER HAVEN, a Florida municipal corporation (hereafter referred to as "Winter Haven" or "City"), sues Defendant CLEVELAND INDIANS BASEBALL COMPANY, LP., an Ohio limited partnership (hereafter referred to as "Cleveland Indians" or "Indians") and states:

    1.    This is an action arising under Florida law for breach of contract.

    2.    Plaintiff Winter Haven has incurred damages in excess of Seventy Five Thousand Dollars ($75,000.00) excluding interest, attorneys' fees and costs of suit.

    3.    Winter Haven is a Florida municipality located in Polk County, Florida.

    4.    Defendant Cleveland Indians is an Ohio limited partnership that transacts business in Polk County, Winter Haven, Florida. Since 1993, the Indians held Spring Training and conducted baseball franchise business at Winter Haven's City-owned Chain-O-Lakes Center and Stadium. For purposes of this action, Defendant Indians has "minimum contacts" with Florida and is subject to personal jurisdiction pursuant to §48.193, Florida Statutes (2008)(Florida's "long-arm statute"), in that Indians:

(a) operated, conducted, engaged in or carried on a business or business venture in the State of Florida, more specifically a Spring Training baseball franchise; and

(b) engaged in substantial activity within the State of Florida by operating a Spring Training baseball franchise in Florida's "Grapefruit League."

5. Venue for this action is properly laid in the United States District Court for the Middle District of Florida under 28 U.S.C. §1391 as:

(a) the causes of action alleged in this Complaint accrued in Polk County, Florida;

(b) Indians breached a contract with Winter Haven in Polk County, Florida, such contract being fully attached to this complaint in three parts and incorporated herein as Composite Exhibit `A', by failing to perform contractually required acts in Polk County, Florida; and

(c) Indians agreed, pursuant to paragraph 20.11 of said contract, to have courts with geographical jurisdiction over Polk County, Florida adjudicate any disputes arising therefrom.

6. The United States District Court for the Middle District of Florida has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

7. In 1992, Winter Haven, eager to find a replacement Spring Training baseball team for its Chain-O-Lakes Stadium after the City's agreement with the Boston Red Sox baseball franchise expired, offered the Cleveland Indians use of the Chain-O-Lakes baseball facility in exchange for certain guaranteed revenues.

8. The Indians accepted Winter Haven's offer. Winter Haven and the Indians memorialized their 1992 agreement in the form of a written contract entitled "Use Agreement."

9. Pursuant to the "Use Agreement," the Indians held 1993 Spring Training at the

Chain-O-Lakes Facility. After the 1993 Spring Training season, it became evident that Winter Haven and the Indians jointly wished to enter into a longer-term arrangement for use of the Chain-O-Lakes Facility. Thus, on October 14, 1993, Winter Haven and the Indians entered into an "Amended and Restated Use Agreement" (hereafter "Amended Agreement") a copy of which is attached hereto and incorporated herein as a part of Composite Exhibit `A'. See Exhibit `A-1'. The Amended Agreement was a complete novation of the original "Use Agreement" between Winter Haven and the Indians.

10. During the course of the parties' dealings, three addenda to the Amended Agreement were executed by the City and the Indians, two in February, 1994, and one in June, 2006. The addenda to the Amended Agreement are attached hereto and incorporated herein as a part of Composite Exhibit `A'. See Exhibits 'A-2', 'A-3', and 'A-4'.

11. The Amended Agreement provided sufficient monetary consideration flowing to each party such as to bind Winter Haven and the Indians to its terms. For example, in exchange for exclusive use and possession of Winter Haven's facility during the Spring Training season, the Indians would pay Winter Haven a certain amount of the parking revenues, concession revenues, ticket revenues, and advertising revenues. See Exhibit `A-1', ¶¶ 2.1, 6.1 and 6.2.

12. Winter Haven and the Indians each had assigned revenue collection duties under the Amended Agreement. By way of example, Winter Haven collected all gross parking revenues and concession revenues. The Cleveland Indians collected all gross ticket revenues and advertising revenues. See Exhibit `A-1', ¶ 6.4. Pursuant to the Amended Agreement, each party would submit a report to the other showing the collected revenues for the assigned period. Id. Monies were to be exchanged monthly. Id.

13. In practice however, the Indians would submit an end-of year settlement statement

to the City reflecting revenues received by the Indians, revenues due the Indians from the City and revenues due the City from the Indians. Examples of such statements are attached hereto and incorporated herein as Exhibits `B' (2004 Settlement Statement and Letter) and `C' (2005 Settlement Statement and Letter).

14. During the 2004 Spring Training year, the Indians, without right or authority and in breach of the Amended Agreement, withheld funds rightfully due to the City of Winter Haven. See Exhibits `B' and 'D'.

15. Continuing through the 2005 Spring Training year, the Indians, without right or authority and in breach of the Amended Agreement, withheld additional funds rightfully due to the City of Winter Haven. See Exhibits 'C' and 'E'.

16. To date, the Indians have not remitted the withheld funds to the City.

17. Pursuant to Paragraph 12.4(c) of the Amended Agreement, as the Indians have improperly, and without right or authority withheld funds rightfully due to the City of Winter Haven, the City demands interest to be paid at the rate identified in the Amended Agreement on the balance due.

18. The City has retained the undersigned to represent it in this action and is obligated to pay his firm a reasonable fee. Likewise, the City, by filing and prosecuting this action, has incurred costs of suit and is thus damaged thereby.

19. The Amended Agreement, as modified by the addenda thereto, constitutes a valid and binding written contract between the Indians and the City.

20. By withholding monies without right or authority and failing to remit monies properly due the City under the provisions of the Amended Agreement, the Indians have committed a material breach thereof.

21. The City has incurred damages in excess of the jurisdictional amount, plus interest, attorneys' fees and costs of suit.

22. All conditions precedent, including all contractual notice requirements, have been performed or have been waived.

WHEREFORE, the City of Winter Haven demands judgment against the Cleveland Indians for damages, interest, attorneys' fees, and costs of suit.

### DEMAND FOR JURY TRIAL

Plaintiff, City of Winter Haven, hereby demands a trial by jury on all issues so triable.

//s  Neal L. O'Toole
Neal L. O'Toole
Lilly, O'Toole & Brown, LLC
310 E Main St
PO Box 50
Bartow , FL 33831
863/533-5525
Fax: 863-533-0505
Email: notoole@loblawyers.com

//s  Frederick J. Murphy, Jr.
Frederick J. Murphy , Jr.
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: fjm@bosdun.com

//s  W.A. "Drew" Crawford
W.A. "Drew" Crawford
Boswell & Dunlap, LLP
245 S Central Ave
PO Drawer 30
Bartow , FL 33831
863/533-7117
Fax: 863/533-7412
Email: drew@bosdun.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will electronically mail a copy to: **J. Davis Connor**, Peterson & Myers, P.A., PO Box 24628, Lakeland, Florida 33802-4628, Email: jconnor@petersonmyers.com.

                                                                                    //s W.A. "Drew" Crawford
                                                                                     W.A. "Drew" Crawford